**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAWN HAMILTON**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-05635 |
| | ) | |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| **SARA'S CITY WORKOUT, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant Sara's City Workout, Inc., by and through its attorneys, hereby answers Plaintiff's Complaint as follows:

### NATURE OF ACTION

### Paragraph 1

> This is a wrongful termination and hostile work environment case against Defendant for illegally terminating Plaintiff because of disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the "ADA") and terminating him because of his sexual orientation and for illegally creating a work environment hostile to Plaintiff's gay sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

**ANSWER:** Defendant admits that this is an action for claims pursuant to the Americans with Disabilities Act and Title VII, but denies any and all allegations of wrongdoing, denies that Plaintiff is entitled to any relief whatsoever, and except as expressly admitted denies the remaining allegations of Paragraph 1.

1

## JURISDICTION AND VENUE

### Paragraph 2

This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which states that federal courts have primary jurisdiction over actions that arise under the laws of the United States.

**ANSWER:** Defendant admits the allegations of Paragraph 2.

### Paragraph 3

Venue lies in the Northern District of Illinois because Plaintiff is a resident of this District, Defendant was engaged in business in this District, and the events giving rise to the claims alleged in this Complaint occurred in this District.

**ANSWER:** Defendant admits that it has engaged in business in this District, that Plaintiff has made allegations of events occurring in this District, and that venue lies in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's residence and, therefore, denies same.

## PARTIES

### Paragraph 4

Plaintiff Shawn Hamilton is a resident of Chicago, Illinois, and worked as a product manager and cinematographer in Defendant's Northbrook, Illinois office, located at 3675 Commercial Avenue, Northbrook, Illinois, from February 2012 until he was terminated by Defendant on September 27, 2017.

**ANSWER:** Defendant admits that Plaintiff was employed by Defendant from 2006 until December 2008 and from February 2012 until September 27, 2017, and that he worked as a product manager in Defendant's Northbrook, Illinois office, located at 3675 Commercial Avenue, Northbrook, Illinois. Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegation regarding Plaintiff's residence and, therefore, denies same. Defendant denies the remaining allegations of Paragraph 4.

## Paragraph 5

Defendant is a fitness company which offers videos, music, books, home study certifications, clothing, and equipment for personal trainers and group fitness professionals. It also provides fitness conventions and classes qualified and doing business in Illinois, including in Cook County.

**ANSWER:** Defendant admits that it is a fitness company whose activities include offering fitness-related conferences and conducting related business activities, and that it conducts business in Cook County, Illinois. Except as expressly admitted, Defendant denies the allegations of Paragraph 5.

## Paragraph 6

At all relevant times, Defendant was an "employer" and Plaintiff was an "employee" as defined under the ADA (42 U.S.C §12111) in that Defendant had 15 or more employees in Illinois for each working day in each of the 20 or more calendar weeks during the relevant calendar years.

**ANSWER:** Defendant denies the allegations of Paragraph 6.

## Paragraph 7

At all relevant times, Defendant was an "employer" and Plaintiff was an "employee" as defined under Title VII (42 U.S. Code § 2000e) in that Defendant had 15 or more employees in Illinois for each working day in each of the 20 or more calendar weeks during the relevant calendar years and was engaged in an industry affecting commerce.

**ANSWER:** Defendant denies the allegations of Paragraph 7.

## Paragraph 8

At all relevant times, Plaintiff was qualified to perform his job duties with Defendant and did in fact satisfactorily perform his job duties with Defendant while employed there.

**ANSWER:** Defendant denies the allegations of Paragraph 8.

## PROCEDURAL BACKGROUND

### Paragraph 9

On February 20, 2018, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex and disability discrimination and retaliation. A true and correct copy of that charge is attached hereto as Exhibit 1.

**ANSWER:** Defendant admits that a copy of a charge alleging sex and disability discrimination and retaliation is attached to the Complaint as Exhibit 1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, therefore, denies same.

### Paragraph 10

On June 12, 2018, the EEOC issued Plaintiff a notice of right to sue, which entitled him to institute a civil action within 90 days of the date of receipt thereof. A true and correct copy of that notice is attached hereto as Exhibit 2.

**ANSWER:** Defendant admits that a copy of an Equal Employment Opportunity Commission Dismissal and Notice of Rights, dated June 12, 2018, is attached to the Complaint as Exhibit 2. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 10 and, therefore, denies same.

### Paragraph 11

Plaintiff has filed this lawsuit within 90 days of receiving the EEOC's notice of right to sue, thereby fulfilling all conditions precedent to the institution of his claims under the ADA and Title VII.

4

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies same.

## FACTS

### *Background*

### Paragraph 12

In February 2012, Plaintiff began working for Defendant as a product manager, reporting directly to Defendant's Operations Director Michael Divello ("Divello") and Defendant's owner Sara Kooperman ("Kooperman").

**ANSWER:**  Defendant admits that in February 2012, Plaintiff began working for Defendant as a product manager, reporting directly to Sara Kooperman.  Except as expressly admitted, Defendant denies the allegations of Paragraph 12.

### Paragraph 13

When Plaintiff started in February 2012 his role included customer service, setting up trade show events, and the handling of various office management responsibilities.

**ANSWER:**  Defendant admits that Plaintiff's duties as of February 2012 included, but were not limited to, customer service, setting up trade show events, and the handling of various office management responsibilities.

### Paragraph 14

In or about 2014, Defendant increased Plaintiff's job responsibilities to include being the primary cinematographer for Defendant's fitness videos.

**ANSWER:**  Defendant admits that at certain times during his employment, Plaintiff acted as a cinematographer for Defendant's fitness videos.  Except as expressly admitted, Defendant denies the allegations of Paragraph 14.

## Paragraph 15

During his tenure at Defendant, Plaintiff was a superb and outstanding employee and was never placed on any performance improvement plan.

**ANSWER:** Defendant denies the allegations of Paragraph 15.

*Sexual Orientation Harassment/Discrimination*

## Paragraph 16

Things changed dramatically for Plaintiff in mid-2017.

**ANSWER:** Defendant denies the allegations of Paragraph 16.

## Paragraph 17

Prior to mid-2017, Kooperman would make the occasional "gay joke" mocking and castigating gay people on a nearly weekly basis, including on video at public presentations.

**ANSWER:** Defendant denies the allegations of Paragraph 17.

## Paragraph 18

In the months leading up to June 2017, however, Kooperman frequently told Plaintiff that Plaintiff was too sensitive and took things too seriously because he was gay. Divello also commented around this time that Plaintiff was too sensitive.

**ANSWER:** Defendant denies the allegations of Paragraph 18.

## Paragraph 19

On June 21, 2017, Kooperman's decisive prejudice against gay people – and specifically Plaintiff who is gay – clearly manifested itself.

**ANSWER:** Defendant denies the allegations of Paragraph 19.

## Paragraph 20

That day, Kooperman called Plaintiff and Divello into her office around 1:45 pm., raised a work-related issue and then – shockingly– began mocking Plaintiff's gay mannerisms and voice.

**ANSWER:** Defendant denies the allegations of Paragraph 20.

## Paragraph 21

Shocked at this clearly gay harassment, Plaintiff asked Kooperman whether her derogatory and hostile behavior was an attempt to make fun of Plaintiff's gay mannerisms and voice. Kooperman then acknowledged directly to Plaintiff in the presence of Divello: "Yes, I'm imitating you."

**ANSWER:** Defendant denies the allegations of Paragraph 21.

## Paragraph 22

Kooperman continued sexually harassing Plaintiff. And, after the meeting when Plaintiff sought Divello's help to stop Kooperman's gay sexual harassment of him, Divello stated to Plaintiff: "You have to let it go."

**ANSWER:** Defendant denies the allegations of Paragraph 22.

*Plaintiff's Anxiety-Disorder Surfaces*

## Paragraph 23

Just a few weeks later, and in large part because of Kooperman's earlier gay verbal attack of Plaintiff, Plaintiff's anxiety-disorder disability manifested itself in the form of a major anxiety and panic attack that hospitalized Plaintiff.

**ANSWER:** Defendant denies the allegations of Paragraph 23.

## Paragraph 24

Specifically, on July 13, 2017, Plaintiff suffered a major and very serious anxiety and panic attack in his office chair at work. He had significant difficulty breathing; he couldn't walk; he had significant difficulty talking; he felt major heart palpitations; he felt extremely dizzy; he was sweating profusely; he had extreme vertigo; and his face and hands were tingling and numb. Plaintiff thought he was going to die.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, denies same.

### Paragraph 25

> While Plaintiff was having this major anxiety/panic attack, Defendant's Creative Designer Karl Mendoza ("Mendoza") opened Plaintiff's door. Mendoza saw Plaintiff suffering in his chair, having difficulty breathing, and slurring his speech.

**ANSWER:** Defendant admits that Karl Mendoza is a Creative Designer for Defendant. Defendant further admits that on or around July 13, 2017, Mendoza opened the door to Plaintiff's office and saw Plaintiff sitting at his desk with his head down. Except as expressly admitted, Defendant denies the allegations of Paragraph 25.

### Paragraph 26

> Mendoza asked Plaintiff: "What is wrong with you?" Plaintiff could only utter "Go get Claudio" who was Plaintiff's spouse and who also worked for Defendant.

**ANSWER:** Defendant admits that on or around July 13, 2017, Claudio Cornejo was Plaintiff's spouse. Answering further, Defendant admits that Cornejo is employed by Defendant. Answering further, Defendant admits that Plaintiff stated to Mendoza: "Go get Claudio." Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegation that Mendoza stated "What is wrong with you?" and therefore denies same. Except as expressly admitted, Defendant denies the allegations of Paragraph 26.

### Paragraph 27

> Mendoza quickly alerted Claudio Cornejo ("Cornejo"), who arrived moments later with Defendant's Brochure Editor Tracey Lebowitz ("Lebowitz"). Cornejo Lebowitz [sic] both saw that Plaintiff clearly was having significant difficulty breathing. Ms. Lebowitz stayed by Plaintiff's side and tried to help.

**ANSWER:** Defendant admits that Mendoza went to get Cornejo as Plaintiff had requested. Defendant further admits that Cornejo subsequently arrived at Plaintiff's office and that it appeared to Cornejo that Plaintiff was having difficulty breathing. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Ms. Lebowitz's perception of Plaintiff and, therefore, denies same. Except as expressly admitted, Defendant denies the allegations of Paragraph 27.

### Paragraph 28

> Cornejo went to Divello's office and told him that Plaintiff was experiencing a major "anxiety attack," significant difficulty breathing, significant difficulty walking, significant difficulty talking, major heart palpitations, extremely dizziness, profuse sweating, extreme vertigo, and tingling and numbness of his face and hands. Cornejo also told Divello that he (Cornejo) had to immediately take Plaintiff to the closest hospital emergency room. Divello approved and asked Cornejo to let him know what Plaintiff's diagnosis was.

**ANSWER:** Defendant admits that Cornejo told Divello that Cornejo was taking Plaintiff to the hospital, and that Divello approved. Except as expressly admitted, Defendant denies the allegations of Paragraph 28.

### Paragraph 29

> Plaintiff was taken to and seen by doctors at nearby Glenbrook Hospital emergency room where he was diagnosed as having anxiety, paresthesia, and palpitations. He was treated and given a doctor's note stating that he should be off for the next three work days. Cornejo told Divello that the doctors had run some tests on Plaintiff to see if Plaintiff had had a heart attack, stroke, etc. and that Plaintiff was diagnosed having the disability of "major panic attack disorder."

**ANSWER:** Defendant admits that Cornejo told Divello that doctors were running some tests on Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of

allegations in the first two sentences of Paragraph 29 and, therefore, denies same. Defendant

denies the remaining allegations of Paragraph 29.

## Paragraph 30

The next day, on July 14, 2017, Plaintiff texted a copy of his
doctor's note with the three work days off to both Kooperman and
Divello and further texted them: "My medical condition requires
bed rest with further follow up for the next five days. You may see
the doctors note in attachment."

**ANSWER:** Defendant denies the allegations of Paragraph 30.

## Paragraph 31

Later that day, Kooperman called Cornejo into her office because
she wanted to talk about Plaintiff's emergency room visit and
disability. Cornejo told Kooperman that Plaintiff had suffered from
and was diagnosed with an anxiety-disorder disability that had
caused Plaintiff to suffer a major "anxiety attack" requiring
hospitalization. In response, Kooperman stated: "Shawn should
find a job that doesn't stress him out," referring to the
stress/anxiety that caused Plaintiff to be hospitalized.

**ANSWER:** Defendant denies the allegations of Paragraph 31.

*Requests For Reasonable Accommodations*

## Paragraph 32

A few days later Plaintiff made a reasonable time-off
accommodation request for his anxiety-disorder disability.
Specifically, on July 17, 2017, Plaintiff received a doctor's note for
an additional "at least 8 weeks" time off (i.e., until at least
September 11, 2017) for his anxiety-disorder disability.

**ANSWER:** Defendant admits that on July 18, 2017, Plaintiff emailed Kooperman and Divello

and stated: "I am formally requesting medical leave for eight weeks to continue treatment with

my medical care professional. Please see the attached letter noting that I am unable to return to

work for at least eight weeks." Defendant further admits that Plaintiff attached to this email a

10

doctor's note dated July 17, 2017 which stated: "Mr. Shawn Hamilton is currently under my care, and will be unable to return to work for at least eight weeks." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's receipt of the doctor's note and, therefore, denies same. Except as expressly admitted, Defendant denies the allegations of Paragraph 32.

### Paragraph 33

> The next day, on July 18, 2017, Plaintiff emailed that note to Kooperman and Divello and wrote: "I am formally requesting medical leave for eight weeks to continue treatment with my medical care professional. Please see the attached letter noting that I am unable to return to work for at least eight weeks."

**ANSWER:** Defendant admits that on July 18, 2017, Plaintiff emailed Kooperman and Divello and stated: "I am formally requesting medical leave for eight weeks to continue treatment with my medical care professional. Please see the attached letter noting that I am unable to return to work for at least eight weeks." Defendant further admits that Plaintiff attached to this email a doctor's note dated July 17, 2017 which stated: "Mr. Shawn Hamilton is currently under my care, and will be unable to return to work for at least eight weeks." Except as expressly admitted, Defendant denies the allegations of Paragraph 33.

### Paragraph 34

> Plaintiff was shocked that Kooperman didn't ask how he was doing; instead she only was interested in Plaintiff updating his doctor's note with a no-fly restriction so that she could get money back for flight tickets.

**ANSWER:** Defendant admits that on July 18, 2017, Kooperman emailed Plaintiff and stated in part: "Shawn - we require a physician's note to cancel your flight to Atlanta and Dallas. Please do us the courtesy of getting this note from the physician." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was

"shocked" and, therefore, denies same. Defendant denies the remaining allegations of Paragraph 34.

## Paragraph 35

On September 11, 2017, Mr. Hamilton went to his doctor and received another note from his doctor that read: "I saw Mr. Shawn Hamilton for a diagnostic evaluation today, Sept 11, 2017, and it is my professional opinion that his condition has improved enough that he should be able to go back to work during the first week of October 2017."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, denies same.

*Termination*

## Paragraph 36

Before the first week of October 2017 even came, Defendant terminated Plaintiff.

**ANSWER:** Defendant denies the allegations of Paragraph 36.

## Paragraph 37

Specifically, on September 27, 2017, Divello sent Plaintiff an email stating that Defendant viewed Plaintiff's failure to come back to work since suffering his disability as a voluntary resignation – even though Mr. Hamilton had a pending time-off accommodation request to be off until "the first week of October 2017" – and, as such, provided Plaintiff with the COBRA materials required for departing employees.

**ANSWER:** Defendant admits that on September 27, 2017, Divello sent Plaintiff an email that stated, in part:

Please note that you provided us with information including a letter from your physician regarding the request for a medical leave of absence on Tuesday, July 18th, 2017 at 8:32pm via email. The letter from your physician, Dr. Patricia Mueller, noted that you would need eight weeks off from work and was dated Monday, July 17th, 2017. The last correspondence that we received from you

with regards to your return to work was on Wednesday, July 19th, 2017 at 12:24am when you responded to Sara Kooperman's request for a doctor's note so that we could cancel your flights to Atlanta and Dallas MANIA®.

Eight weeks from your physician's note on Monday, July 17th, 2017 was Monday, September 11th, 2017 and as mentioned previously, we have not heard from you regarding your plans to return to work. Therefore, we are assuming that you have voluntarily resigned from SCW Fitness Education.

Due to the fact that you had health and dental insurance with SCW Fitness Education, I have also attached a copy of three COBRA documents that will enable you to continue receiving health insurance should you choose to elect this option.

Answering further, Defendant admits that Divello provided Plaintiff with COBRA materials.

Except as expressly admitted, Defendant denies the allegations of Paragraph 37.

### Paragraph 38

Furthermore, when Plaintiff, through counsel, notified Divello later on September 27, 2017 that he (Plaintiff) was not resigning, Defendant did not respond to Plaintiff and had no further communication with him.

**ANSWER:** Defendant denies the allegations of Paragraph 38.

### Paragraph 39

As a result of Defendant's conduct, Plaintiff has suffered loss of wages and benefits, as well as severe emotional distress.

**ANSWER:** Defendant denies the allegations of Paragraph 39.

### COUNT I

### Title VII Discrimination Claim/Sexual Orientation/Termination

### Paragraph 40

Plaintiff hereby incorporates in this count the other paragraphs in this complaint as if fully set forth herein.

**ANSWER:** Defendant repeats and restates its responses to each and every allegation contained in the Complaint as if fully set forth herein.

### Paragraph 41

Plaintiff is a member of a protected class in that he is a homosexual and was discriminated against because of his sexual orientation.

**ANSWER:** Defendant denies the allegations of Paragraph 41.

### Paragraph 42

At all relevant times, Plaintiff was qualified for the position and was able to perform his job.

**ANSWER:** Defendant denies the allegations of Paragraph 42.

### Paragraph 43

Plaintiff suffered an adverse employment action in that he was fired by Defendant on or about September 27, 2017.

**ANSWER:** Defendant denies the allegations of Paragraph 43.

### Paragraph 44

Plaintiff was treated by Defendant differently and less favorably than similarly situated heterosexual employees because of his sexual orientation.

**ANSWER:** Defendant denies the allegations of Paragraph 44.

### Paragraph 45

Defendant terminated Plaintiff because of his sexual orientation.

**ANSWER:** Defendant denies the allegations of Paragraph 45.

### Paragraph 46

As a result of Defendant's discriminatory conduct, Plaintiff was damaged and has suffered the loss of wages, benefits, humiliation,

embarrassment, emotional distress, and other compensatory damages. The discriminatory actions by Defendant were undertaken deliberately and intentionally and with malice and reckless indifference to Plaintiff's civil rights. The acts complained of were authorized and permitted by Defendant and its officers, managers, and supervisors.

**ANSWER:** Defendant denies the allegations of Paragraph 46.

### Paragraph 47

Defendant's justifications for its actions are simply pretextual assertions meant to conceal its discriminatory intent and not taken in good faith.

**ANSWER:** Defendant denies the allegations of Paragraph 47.

### Unnumbered "WHEREFORE" Paragraph

WHEREFORE, Plaintiff prays that this Court:

a.      Declare, decree, and adjudge that Defendant has violated Title VII;

b.      Grant a preliminary and permanent injunction against Defendant and its officers, agents, and managers from violating Title VII;

c.      Compel the Defendant and its officers, agents, and managers to comply with Title VII and refrain from discriminating against Plaintiff and interfering with his rights and protections under Title VII and awarding appropriate equitable relief;

d.      Award the Plaintiff backpay, front pay, employment benefits, and other compensation that was denied or lost;

e.      Order the Defendant to pay Plaintiff compensatory and punitive damages in an amount sufficient to punish Defendant for its past discrimination and to deter it from continuing with its discriminatory practices;

f.      Award Plaintiff all pre-judgment and post-judgment interest to which she is entitled;

g.      Award Plaintiff reasonable attorney's fees and costs; and

h.     Award such other and further relief as is just and
appropriate, including nominal damages.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any of the relief requested in the

unnumbered "WHEREFORE" paragraph and further denies that Plaintiff is entitled to any relief

whatsoever.

## COUNT II

### Title VII Discrimination Claim/Sexual Orientation/Hostile Work Environment

#### Paragraph 48

Plaintiff hereby incorporates in this count the other paragraphs in
this complaint as if fully set forth herein.

**ANSWER:**  Defendant repeats and restates its responses to each and every allegation contained

in the Complaint as if fully set forth herein.

#### Paragraph 49

Plaintiff is a member of a protected class in that he is a gay man
and was discriminated against because of his sexual orientation.

**ANSWER:**  Defendant denies the allegations of Paragraph 49.

#### Paragraph 50

At all relevant times, Plaintiff was qualified for the position and
was able to perform his job.

**ANSWER:**  Defendant denies the allegations of Paragraph 50.

#### Paragraph 51

Plaintiff was subjected to unwanted verbal conduct of a sexual
nature by Defendant because of his sexual orientation.

**ANSWER:**  Defendant denies the allegations of Paragraph 51.

#### Paragraph 52

Defendant's verbal conduct of a sexual nature based on Plaintiff's sexual orientation was severe and pervasive enough to create a hostile work environment leading to his termination.

**ANSWER:** Defendant denies the allegations of Paragraph 52.

### Paragraph 53

Defendant's verbal conduct was directed at Plaintiff because of his sexual orientation.

**ANSWER:** Defendant denies the allegations of Paragraph 53.

### Paragraph 54

Defendant's agent, owner and CEO Kooperman, was the offending party, establishing employer liability.

**ANSWER:** Defendant denies the allegations of Paragraph 54.

### Paragraph 55

As a result of Defendant's discriminatory conduct, Plaintiff was damaged and has suffered the loss of wages, benefits, humiliation, embarrassment, emotional distress, and other compensatory damages. The discriminatory actions by Defendant were undertaken deliberately and intentionally and with malice and reckless indifference to Plaintiff's civil rights. The acts complained of were authorized and permitted by Defendant and its officers, managers, and supervisors.

**ANSWER:** Defendant denies the allegations of Paragraph 55.

### Unnumbered "WHEREFORE" Paragraph

WHEREFORE, Plaintiff prays that this Court:

a.      Declare, decree, and adjudge that Defendant has violated Title VII;

b.      Grant a preliminary and permanent injunction against Defendant and its officers, agents, and managers from violating Title VII;

c.     Compel the Defendant and its officers, agents, and managers to comply with Title VII and refrain from discriminating against Plaintiff and interfering with his rights and protections under Title VII and awarding appropriate equitable relief;

d.     Award the Plaintiff backpay, front pay, employment benefits, and other compensation that was denied or lost;

e.     Order the Defendant to pay Plaintiff compensatory and punitive damages in an amount sufficient to punish Defendant for its past discrimination and to deter it from continuing with its discriminatory practices;

f.     Award Plaintiff all pre-judgment and post-judgment interest to which she is entitled;

g.     Award Plaintiff reasonable attorneys' fees and costs; and

h.     Award such other and further relief as is just and appropriate, including nominal damages.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III

### ADA - Disparate Treatment/Termination

### Paragraph 56

Plaintiff hereby incorporates in this count the other paragraphs in this complaint as if fully set forth herein.

**ANSWER:**  Defendant repeats and restates its responses to each and every allegation contained in the Complaint as if fully set forth herein.

### Paragraph 57

At all relevant times, Plaintiff was an individual with a "disability" and/or was considered to have a "disability," as that term is defined in the ADA, as a result of his anxiety-disorder diagnosis.

18

**ANSWER**: Defendant denies the allegations of Paragraph 57.

### Paragraph 58

Plaintiff had a physical or mental impairment that substantially limited one or more of his major life activities – including but not limited to his ability to sit for prolonged periods of time, to stand, to breath, concentrate, drive a vehicle, and otherwise function – had a record of such impairment, and was regarded as having such an impairment.

**ANSWER**: Defendant denies the allegations of Paragraph 58.

### Paragraph 59

Plaintiff was qualified to perform the essential functions of his job as a project manager and cinematographer with or without a reasonable accommodation.

**ANSWER**: Defendant denies the allegations of Paragraph 59.

### Paragraph 60

Plaintiff's similarly-situated employees who were not regarded as having a disability were treated more favorably than Plaintiff, as they were not terminated because of their disability.

**ANSWER**: Defendant denies the allegations of Paragraph 60.

### Paragraph 61

Defendant terminated Plaintiff because of his disability.

**ANSWER**: Defendant denies the allegations of Paragraph 61.

### Paragraph 62

As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER**: Defendant denies the allegations of Paragraph 62.

**Unnumbered "WHEREFORE" Paragraph**

WHEREFORE, Plaintiff prays that this Court:

a.      Enter judgment in favor of Plaintiff and against the Defendant for violation of Plaintiff's rights under the ADA,

b.      Declare that the actions of the Defendant were discriminatory,

c.      Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress,

d.      Award Plaintiff punitive damages in such amount as the Court deems proper,

e.      Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action, and

f.      Grant Plaintiff such other and further relief as the Court deems equitable and just.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

**ANSWER:**  Defendant admits that Plaintiff demands a jury trial, but denies any and all allegations of wrongdoing and further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted.  Defendant reserves the right to

assert other affirmative defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1.      Defendant states that Plaintiff has failed to state a claim upon which relief can be granted.

2.      Defendant states that Plaintiff's claims are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations and/or administrative filing periods.  In particular, Defendant states that Plaintiff is barred from recovering any damages based on events that occurred more than 300 days prior to the filing of his EEOC charge. Defendant further states that Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with his EEOC charge.

3.       Defendant states that Plaintiff's claims are barred, in whole or in part, or his recoverable damages (if any, and which Defendant denies) should be reduced, because he failed to take reasonable steps to mitigate his damages.

4.      Defendant states that Plaintiff's claims are barred, in whole or in part, because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment, if any, were done in good faith and motivated by legitimate and non-discriminatory reasons.  Defendant did not discriminate or retaliate against Plaintiff, and did not violate the Americans with Disabilities Act or Title VII.

5.      Defendant states that any recovery on Plaintiff's claim under the Americans with Disabilities Act is barred because accommodation of Plaintiff's alleged disability would impose an undue hardship upon Defendant.

6.       Defendant states that Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of after-acquired evidence and/or the doctrine of unclean hands.

7.       Defendant states that to the extent that Plaintiff asserts claims for hostile work environment and/or harassment, Defendant exercised reasonable care to prevent and promptly correct any inappropriate or harassing behavior. Further, Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

8.       To the extent that Plaintiff asserts claims for punitive and/or liquidated damages and/or attorney's fees under statutes which allow for punitive and/or liquidated damages and/or attorney's fees, such claims fail as a result of Defendant's good faith efforts to comply with the law.

9.       Defendant states that to the extent Plaintiff asserts claims under Section 504 of the Rehabilitation Act, such claims are barred because Defendant is not subject to liability under the Rehabilitation Act.

WHEREFORE, Defendant Sara's City Workout, Inc. respectfully requests that the Court enter an order dismissing the Complaint in its entirety, entering an order of judgment in its favor, including an order for its attorneys' fees and costs associated herewith.

Dated: October 22, 2018                          Respectfully submitted,

                                                 SARA'S CITY WORKOUT, INC.

                                                 By: */s/ Cardelle B. Spangler*

                                                 Cardelle B. Spangler
                                                 Heather L. Kriz
                                                 WINSTON & STRAWN LLP
                                                 35 West Wacker Drive
                                                 Chicago, Illinois  60601
                                                 Tel:  (312) 558-5600
                                                 Fax:  (312) 558-5700
                                                 cspangler@winston.com

hkriz@winston.com
*Counsel for Defendant Sara's City Workout, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 22, 2018, a copy of the foregoing was filed via CM/ECF and was thereby served upon all counsel of record, including:

Michael A. Faccenda
Christopher P. Connors
Faccenda Law Group LLC
901 West Hillgrove Avenue
La Grange, IL 60525
maf@connorsfaccenda.com
cpc@connorsfaccenda.com

*/s/ Cardelle B. Spangler*

*Counsel for Defendant Sara's City Workout, Inc.*